Mr. Gittins, please proceed. Thank you, Your Honor. May it please the Court, Madam Chief Judge and Members of the Court, Contrary to the court below, contrary to the well-pleased complaint doctrine, the plaintiff pleaded a cognizable Tucker Act claim supported by the Military Pay Act statute. Complaint 1 in paragraph identifies the appellant's jurisdictional mandated statute and the claim under the Tucker Act. Paragraph 89 of the amended complaint in count 2 sought judicial review of the B.C.N.R. Counsel, this is Judge Brower. Can you hear me? Yes, ma'am. Okay. I'm not clear. Do you dispute that in order to decide this case, the Court of Federal Claims would have had to resolve the whistleblower issue that had come up in this district? Oh, Your Honor. How could that, can't you allege the whistleblower stuff in this case? Well, when you speak to a IG, the conversation is privileged. And the use of the privileged information at the BOI violated my client's rights to his privileged conversation. That's an evidentiary issue at the Board of Inquiry, which this Court constantly I don't understand. Are you not alleging, do you not use the word whistleblower at all in any of the allegations? Is this not a I don't believe you can refer to it as a whistleblower at all. So there's no whistleblower allegation here? Correct. Well, you cited the MWPA multiple times in count 2. You have to because that's the regulation under which the regulation provides for confidential communication and privileged conversations with the IG. So what alleging would come within that statutory program, the whistleblower act, right? Correct. But even if you are not a whistleblower, they conclude that you are not a whistleblower if you make a complaint, the conversation still remains privileged. It never loses the privilege. And what happened in this case was my client made a complaint to the IG and to his chain of command and the Board of Inquiry at numerous places between Appendix 33 through 52, there was use of his privileged conversations with the IG, including the provision of a two-hour interview with the IG on an audio file provided to the BOI. So the issue really is, was that a proper use of evidence at the BOI? And if it wasn't, his BOI was unfair. There's a district court case, of course it's not a precedent here, but Schieffer v. Winter concluded that when improper evidence is considered, the case has to go back for remand to the court to have it reviewed to determine whether or not the use was... The agency has to determine what use it can be made. But the problem is, when you have evidence that's improperly admitted before the BOI, you don't know how long that was used. But in our case, we do know that... So is it your position that regardless of the makeup of the Board, that there was an inherent unfairness in the procedure that we can address under the Military Pay Act? Yes, ma'am. If there was consideration of improper evidence at the BOI, you can consider that. That happens all the time. The Court of Federal Claims does it all the time. Did you make a motion somewhere for them to not consider this evidence? At the... You really... There's really no... Basically, at a BOI, they just note the objection. The problem is to file a deficiency letter, which my client did do, and it's in the record. And that deficiency letter didn't allege whistleblowing, didn't place a whistleblower act, but just said that there was evidence that should not have been disclosed, and there was? Correct. The communications that were protected. But what's very interesting about this... Protected by... I'm sorry. Sorry. This is just for us. Protected by what? Under what? Under the Whistleblower Protection Act. So I'm a little confused. I thought you had completely disassociated yourself from the Whistleblower Protection Act. And now... Let me finish my question, please. I'm sorry. I know we're on Zoom, and it's hard to sort of tabulate. But if the allegation that you're saying you wanted to bring to the Court of Federal Claims had only to do with they shouldn't have disclosed this because under the Whistleblower Act, they were not allowed to disclose it, how would there not need to be an adjudication under the administrative procedure set up under the statutory Whistleblower Act in order for this to be resolved? Well, that's the whole point here, that the EFD can't have jurisdiction, because jurisdiction to make the determination you're asking for would have had to have been under the other... Once the communication is made, it is privileged. It doesn't matter whether the case moves down the road as a whistleblower case. It is a privileged communication. Right, but it's only privileged because of the provisions of the Whistleblower Protection Act, correct? Right. And so what you're asking is that there has to be a predicate finding that the act was violated by virtue of that disclosure before we can say that the evidence was not admissible in this proceeding, right? Right. So why doesn't that finding have to be made in the context of a Whistleblower Protection Act claim? Well, I think you have to determine, first of all, in today's privileged communication, if you read the IG report, if you read the Navy Advisory Opinion, the BCNR, they never make a determination of whether it's an actual privileged communication. In fact, they say there was no indication that any action occurred as a result of what Mr. Knightley, what Mr. Knightley considered protected communication. Absolutely no evidence to suggest that any personal action because Knightley interacted with the IG. He made statements to the IG. The Navy General Report made an intentional effort not to say, determine a finding of fact whether it was a privileged communication. Well, what... It was a privileged communication. It could never be disclosed whether or not it was a whistleblower act, whether it was a conversation to his lawyer. Well, what was different in that privileged communication than the admissions that he otherwise made and even wrote in the letter to the commanding general? I think they're largely the same. But by that time, they'd already been disclosed. But are you saying that... Privileged communication is disclosed. You have no choice but to attack. Can we move on? Do you want to move on before your time runs out to the second question involving the composition of this panel, of this board, or whatever? Yes, Your Honor. Is it your position that the statutory language is clear or what? What is your legal position? Well, it does not define what a civilian is. But when that statute was enacted, there was a case in the Supreme Court in which the Supreme Court plainly and clearly stated retired officers are in the military service of the government. That, interestingly, was reconfirmed in the Court of Appeals for the Armed Forces on June 24, 2021, stating for well over 100 years, Congress, the military, and the Supreme Court have all understood that the retired members of all branches of the armed services who continue to receive pay are still part of the naval and land forces. And that was in June of this year? June of this year, Vagiani, split opinion, 20-20017 and 2037, CAF, June 24, 2021. Did you file a notice of supplemental authority? I did not. It happened so fast, I didn't have time to even, I only learned about it a couple of days ago, before the holiday. So you learned about it a couple of days ago, but you didn't disclose it to us, and you didn't disclose it to opposing counsel. Do you not see how that puts all of us at a significant disadvantage? I have people sometimes file little 28-J letters on the morning of arguments, because right now I have no idea what that Supreme Court case says that you claim it says. Court of Appeals for the Armed Forces. Oh, okay, Court of Appeals for the Armed Forces. I have no idea what it says. Right. Well, I just read it to you, but I understand. Isn't it possible it has other language in it somewhere that maybe the other side would use to argue that it's different from this case for some reason? I'll file a supplemental citation after this court hearing. Well, maybe I misunderstood what you said. I didn't understand what you said to say they are not to be considered civilians. You just said they're still part of the military. Well, if you're in the military, you're not really a civilian. The purpose of the Board for Correction of Military Records was to have civilians who were not military do the evaluation because the errors made by the military shouldn't be reviewed by the military. When you look at retired military officers, they are 20 years of service, they're obedient to orders, they follow the policies of their command, whether or not they agree with it. They're basically people who are still military, and they're not truly civilians. Well, how do you deal with the fact that other places in Title X, they talk about restrictions on who can serve in what capacity, and they talk about the extent to which someone who is retired can serve in certain purposes, like Secretary of the Army, as long as they've been retired more than X number of years. So they require a civilian, and then they say, but if you're retired military, you're not really considered civilian until after a period of time. Why doesn't that actually support the conclusion that without the exclusion of that period of time, they would be considered a civilian? Well, I think the exclusion of time makes my point. It shows that military personnel right out of the military are not civilians for real, and they have to go that cooling period to get away from the parochial system that they were in. And there is no definition for the military people, and those military people are coming out right out of the military, and they go to the board of directors, and they're like, it's like having a colonel one day, and now he's a civilian colonel, and he's working for the Marine Corps, working for corrections and naval records. But isn't the absence of a cooling off period in this statute actually indicative of the fact that perhaps Congress didn't feel a cooling off period was necessary? We know Congress knew how to create a cooling off period. Well, Congress also knew that the retired people are members of the military, that they're members of the naval land force. Well, but the statutes that I'm referring to, both with respect to service as secretary and with respect to service as judicial officers, says they have to be civilian, and then says, and if you're retired from the military, you can't be in that position until after a certain period of time. So the implication would be that they would be civilians, but for the mandatory cooling off period. And there's no definition. Congress has not said something similar for the board for corrections and naval records. They've left it undone, and you still have the purpose of the statute was to make sure that civilians look at the errors by the military. So how would you define civilian? Someone who's not retired, not a retired military, right? Right. Never served in the military? It doesn't matter. They could have served. They're not 20-year guys. They're not retirees. They haven't been a three-year soldier. He's got a little bit of experience about the service, but he's not a guy who's been inculcated to be. Before the time, could I ask for your legal theory? So you think the statute is unambiguous and you win? Do you think that there's deference of, but because the board got it absolutely wrong? What's the legal theory here? Well, the legal theory is. Do you think the statute is unambiguous and that civilians can't mean retired military? I think it is ambiguous, and I think it hasn't been run through the rulemaking process. The Secretary of Defense hasn't made that finding because it's for all the services. There's no support for it given the statute. So you're saying there's no deference due because there's nothing to defer to? Correct. Okay. If you're drawing a distinction between those who retire because they earn the retirement, subject to retirement, and someone, for instance, who's discharged before they reach retirement age or retirement qualifications? It's a different nature of service. Retirees are obedient to superior orders. They consider orders by career military personnel, whether they agree with them or not. They support their personnel judgment to judgment of superiors. They generally accept the face value of the policy. What are you reading from? I'm sorry. What are you reading from? Are you reading from some opinion that's been published or just your own? No. I'm reading from my experience as a 26-year Marine Corps officer. Okay. Why don't we hear from opposing counsel? Mr. Pixley? Thank you very much, ma'am. Can you hear me, Mr. Pixley? Yes. Please report. In this action, in count two of the complaint, the appellant, Mr. Knightley, expressly alleged that the government violated the Military Whistleblower Protection Act, or the MWPA, by involuntarily separating him from the Marine Corps based upon alleged protected communications. The trial court appropriately dismissed that claim for lack of subject matter jurisdiction, and we respectfully request that the court should affirm the trial court's dismissal. Now, in this matter, appellant counsel is not arguing that, in fact, the trial court does not have jurisdiction to entertain such a claim under the MWPA, and certainly the court's persuasive decision to the bias and rein in decision, which were the cases the trial court cited, is a dismissal decision, state that clearly. So subject to the court's question, I will not focus upon that well-established principle. What appellant counsel seems to be arguing is, again, denying that the MWPA is in any way implicated here. And the court asked the question, which I believe is really appropriate, whether to decide this issue would necessarily require addressing the factual underpinnings of an MWPA claim would necessarily involve adjudication of the statute. And I think that's inescapable. Well, let me give you an analogy. So there are times in district court where evidence is inadmissible because it violates protections with respect to taping or wiretapping other personnel. And so that it doesn't have to be in the context of an action under that statute for the court to conclude that because it violates those provisions, it has to be inadmissible in a different proceeding. Why wouldn't that be similar to this? Yes, ma'am, I think that may be true in some circumstances, but that's not what we have here. Beginning, what we have here, beginning with the appellant's initial appeal to the correction board, here, and I'm referring to page 296 of the appendix, where the appellant alleged a further violation of the MWPA involving a separation. And that is expressly stated in tap counts to a complaint. We went through this. As alleged to the correction board, as alleged to the court, in the filing, in the initial papers that were filed, there's not an allegation of a procedural issue. There's a request for judicial review of the merits of an MWPA violation. Can you give us the citation in the appendix to that? Are you talking about the complaint? Yes, so I'm just referring to... Is that appendix 69? Sorry? Is it appendix 69? Is that what you're referring to? I'm first appealing to the application of the correction board, Mr. Knightson's application, and I'm at page 296 of the appendix, and then I'm citing to the complaint itself to the trial court at page 83, count two of the complaint, and we bring this issue. Clearly, numerous occasions, there's this strange wanting to have the appellant's page in Eda 2 where there's a denial that they're bringing an MWPA violation, but then there's numerous references and clear statements that count two, and then the header is plaintiff's involuntary discharge was an adverse personnel action prohibited by the MWPA. Mr. Pixley. That is to seek judicial review of. Mr. Pixley. As a factual matter... Mr. Pixley, can you hear me? I'm sorry. Mr. Pixley, if we decide the MWPA issue in your favor, does that resolve this case in its entirety, or do we still need to reach the civilian board question? I believe we need to reach the civilian board question because the trial court did, in fact, address additional matters not involving the MWPA issue. For example, the challenge to the non-judicial punishment. There are a few other matters that the court... That's a separate count in the complaint? Sorry? A separate count in the complaint? That's correct. All right. On that score, let me address a couple of your arguments, a couple of which I don't even understand. One you say is we should say that they are civilians because it's more convenient for the board to use them, and they know what goes on, and so we should just use them. I don't understand how that has any force in this kind of context. Agencies want to do a lot of things because they think it would be more convenient, but that doesn't mean that the interpretation of the statute is appropriate. Yes, ma'am, if I understand the first question. I don't believe that we made that specific argument that it's convenient. Yeah, you did. You just said it's better for us, it's more convenient, they know more stuff. Yes, you did make that argument. Yes. Certainly, military members have a lot of experience, but let me address this specific question. Of course, Section 1552 does not define the term civilian, and under the Chevron analysis, which is what the trial court personally used, the Congress has not spoken directly. The only question is if the court considers whether the agency's interpretation is based on the permissible destruction of the statute. Can I interrupt you there? This is Judge Crouse. What are we deferring to under Chevron Step 2? There are no regulations published. There's an advisory opinion that was given to this board. Another board, presumably, might decide the question differently. So, what exactly are we deferring to and why? Yes, so the starting point for the analysis, and I'll go through what the trial court did, which I think feels appropriate. First of all, the plain and ordinary meaning of the term civilian is based on dictionary language that one can look to. The term civilian is one who is not serving on active duty in the armed forces. And then, one can look to other sections of Title 10 where the term civilian is used. So, did the court find an ambiguity or not? No, it's not ambiguous. It's simply not defined. Well, it would have to be ambiguous or there would have to be some gap-filling that was necessary in order for Chevron to even come into play. Yes, I stand corrected. So, in order to clarify the term in the analysis, one can look to a dictionary definition, plain and ordinary meaning. Number two, look elsewhere to the use of that term in another part of Title 10 of the statute. But why are we deferring to a board to determine what the ordinary meaning is? Isn't that a judicial function? And if there's ordinary meaning to be had by looking at dictionaries, why is this a Chevron deference issue? Yes, so, since the Navy, the Department of Defense and the Navy is charged with implementing Section 1552, in their interpretation, that should be afforded Chevron deference. Is there an Army or Navy or Department of Defense interpretation? I mean, you'd think they'd want to, since the dictionary definition applies to all the branches of the services, is there some DOD-wide interpretation of the word civilian that we're supposed to defer to? So, so, there was, as the Correction Board stated in its re-mandatory, so there was a, the Navy issued an advisory decision in a companion case called Scarcella where this issue was also raised. That did not end up being adjudicated at this point. So we give Chevron, you're not suggesting we give Chevron deference to an advisory opinion to some tribunal that never used it? Well, if I may, just to answer the first question. So, the Navy issued an advisory decision in Scarcella and the Department of Defense issued basically an email listed at page 338 of the appendix stating that this is, that they adopted this decision as the Department of Defense. And then the Correction Board used that advisory opinion in its re-mand decision stating that it was in fact appropriate. So was that adopted by the Secretary? Or was it simply, wasn't that opinion adopted expressly by the Secretary? It states here, if I may, on page 338, the Department of Defense Office of the General Counsel thoroughly reviewed the advisory opinion issued by the Assistant Deputy Commandant of the Empire Reserve Affairs in the case of former Major Mr. Scarcella. Right, so it was never adopted by the Secretary. This email says the DOD General Counsel concurs in total with the results, right? Is that as high as it goes? Yeah, I think from our position we are persuaded that speaking for the Secretary. Okay, so just to make sure we're on the same terms with regard to Chevron. First, you have to decide that the person who articulates the position which is getting deference was delegated by Congress the authority to administer the relevant statute. And you're saying that authority was delegated either to the Board of Corrections for Naval Records to implement this entire statute or alternatively to DOD's General Counsel who issued it by email. Is that correct? Are you arguing to me that Congress delegated the authority to administer this statute to either the Board of Corrections for Naval Records or to the Department of Defense's General Counsel? Well, ma'am, I... Okay, so wait, that's one problem. Let's go on to your next problem. Your next problem with Chevron deference it seems to me is the United States v. Meade which we only give deference to adjudicatory decisions if Congress made it clear that a particular agency's adjudicative decisions were meant to speak with the force and effect of law. The only adjudicative decision you have here is the Board of Corrections for Naval Records but worse yet, now some email by some lady in the General Counsel's office. Which one of those two things do you think Congress made clear in the statute have force and effect of law? Ma'am, I think in this instance I will state that the Department of Defense has rendered this interpretation acting through the Board. So you believe it's the Board. You believe the Board of Corrections for Naval Records was delegated by Congress the authority to issue decisions administering the statute which were meant to have the force and effect of law under the Supreme Court's rubric laid out in the United States v. Meade. I have not read that decision but yes, that's my understanding. Well let me ask you if we hadn't had the DOD let's assume the DOD General Counsel hadn't weighed in so this Board made its decision based on its advisory opinion. Would other Boards be free to reach a different conclusion or is what they've decided here again, leaving aside the General Counsel's pronouncements is what they decide in one case regarding their interpretation of the statute is that binding on all other Boards and other branches of the service, etc.? I understand the conundrum here. I would say for a uniform interpretation it's not going to change if it's a Navy Board or an Army Board. So I would answer yes. I have one last point and another argument that I really can't wrap my brain around and your argument that because Congress hasn't changed this statute over the years to be more specific it must be legislating or failing to legislate against the backdrop of understanding what the Board regularly does. Is that your position? Our position regarding is one on that question is one of really Congressional acquiescence Right, that's but Congressional acquiescence generally involves acquiescence in a governing decision of the Supreme Court or a broad scale series of decisions that are essentially unanimous by courts of appeals. It's virtually never applicable in any other circumstance. Yes, ma'am. Obviously this is a case of first impression that is raised judicially. What the specific point we were trying to make is that Congress is well aware that civilians or retired service members are serving on corrections. How do we know that? This is stated in the remand decision where since approximately 1996 the military reported to Congress and specifically addressed the composition of the correction board as the remand decision stated. And so we're supposed to assume that legislators took those reports that I'm sure included a lot of other things and legislated against that backdrop or failed to legislate against that backdrop. Yes, there was a finding that Congress was expressly made aware that the statute has been amended some 12 or 14 times since. And as the board stated although the term civilian is not defined Congress never... Let me ask you before we're off. I know you're well beyond your time. Just let me ask you very briefly. Your friend on the other side cited some case that just came out a few days ago. I'm not even quite sure what tribunal at the end of the day that case was. Are you familiar with that case? No, ma'am. I think it was a case out of the Court of Appeals for the Armed Forces. I'm not aware of that case. Thank you. Thank you, Mr. Pixley. Mr. Gittins, you have a little bit of rebuttal time. How much rebuttal time does he have, Michael? He's actually exceeded his time. Restore one minute of rebuttal time, please. You're muted, Mr... Mr. Gittins, you're muted. I still can't hear you, Mr. Gittins. Sorry, Your Honor. Now I hear you. I think the point has been made that the level at which those advisories seem to be a little bit that the records correction board relied upon were not proper to act under Chevron. I say it less well as a judge approves. But I think the point was made that you have the other thing I'd like to point out is in  military services, the IG, nobody made a determination whether or not the statements were privileged communications. I think it was a reason they did that to avoid what exactly we were making a point of. That the government was improperly using privileged communications with DOI. Okay, thank you.  have some citations. It's up to me to send them in. But they are... It's very illuminating when I read... Mr. Gittins, you don't have to submit it, but why don't you, again, just for our knowledge, repeat the citation to the  in June. That way we can look it up. Yes, ma'am. It is United States versus Begani B-E-G-A-N-I It's swift opinion number 20-2017 slash N-A between the Navy and number 20-2337 slash N-A CAC, Court of Appeals for the Armed Forces, June 24, 2021. Okay, thank you, Mr. Gittins and Mr. Pixley. This case is taken under submission. Thank you, Your Honor. Have a great day.